CA NO. 24-3077, 3663

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Appellee,<br><br>    v.<br><br>JERRY NEHL BOYLAN,<br><br>    Defendant-Appellant. | DC NO. 2:22-CR-00482-GW-1 |

**MOTION FOR EXTENSION OF TIME TO FILE
APPELLANT'S OPENING BRIEF**

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA

HONORABLE GEORGE H. WU
United States District Judge

                                         CUAUHTEMOC ORTEGA
                                         Federal Public Defender
                                         HUNTER HANEY
                                         Deputy Federal Public Defender
                                         321 East 2nd Street
                                         Los Angeles, California 90012-4202
                                         Telephone: (213) 894-2854
                                         Facsimile: (213) 894-0081
                                         Email: hunter_haney@fd.org

                                         Attorneys for Defendant-Appellant

# MOTION FOR EXTENSION OF TIME TO FILE
# APPELLANT'S OPENING BRIEF

Defendant-Appellant Jerry Nehl Boylan, by and through his attorney of record, Deputy Federal Public Defender Hunter Haney, hereby respectfully moves this Court for an extension of 180 days, or until March 4, 2025, to file his opening brief in this case. This motion is made pursuant to Federal Rules of Appellate Procedure 26(b) and 27 and Ninth Circuit Rule 31-2.2(b). It is based on the attached declaration of counsel, all files and records in this case, and any further information the Court may request.

Counsel for appellee has indicated that the government opposes this motion.

Respectfully submitted,
CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: August 29, 2024        By  s/ *Hunter Haney*
HUNTER HANEY
Deputy Federal Public Defender
Attorney for Defendant-Appellant

1

**DECLARATION OF HUNTER HANEY**

I declare under penalty of perjury that, to the best of my knowledge, the following is true and correct:

I am a Deputy Federal Public Defender with the Federal Public Defender's Office in the Central District of California. I represent Jerry Nehl Boylan as appellant in this appeal, CA No. 23-3077, and as appellee in the government's cross-appeal, CA No. 24-3663.

Mr. Boylan was sentenced to 48 months' imprisonment, but remains at liberty under the terms of his pretrial release after the district court granted him bail pending appeal. The court reporter is not in default with regard to any designated transcripts.

The original due date for the opening brief was August 6, 2024. After one streamlined extension, the current due date is September 5, 2024. I am requesting this second extension because, though I have exercised diligence in this and other matters, I will not be able to have the opening brief ready by September 5, 2024.

This matter is an appeal from a conviction of a single count of seaman's manslaughter after a 10-day jury trial. The prosecution concerns the *Conception* boat fire, which occurred off the coast of Santa Barbara in 2019 and resulted in the death of 34 individuals. Before my assignment in May 2024, I had no involvement in this case, and therefore will need to expend a significant amount of time and

2

effort getting up to speed. I am sole appellate counsel to Mr. Boylan, and the transcripts span nearly 4,000 pages and approximately 500 docket entries (all relating to Mr. Boylan, the sole defendant). The district court dismissed a prior indictment of Mr. Boylan regarding the same incident (C.D.Ca. Dkt. No. 2-20-cr-00600-GW) and that matter also has 86 separate docket entries which I will need to review.

Because the case involves a conviction under an infrequently used statute, I had minimal familiarity with the unique areas of federal maritime and regulatory law prior to this case, and that, too, has required additional resources to get up to speed. The trial also involved matters of scientific complexity, including several *Daubert* motions related to expert testimony, with which I will need to familiarize myself in order to provide Mr. Boylan effective appellate representation.

My time for review has also been limited because I have needed to expend resources assisting the trial team with ongoing litigation related to Mr. Boylan's opposed bail-pending-appeal application and contested restitution issues. Additionally, a handful of transcripts were submitted after the due date, as late as July 9, 2024, and I have encountered several additional complications locating and organizing relevant record materials, further limiting my ability to make progress in my review of this complex case. The restitution litigation is ongoing in the district court and may be the subject of a future, additional appeal.

3

Simultaneously, my time for review has been limited by my engagement in a number of older pending appeals and other matters pending before this Court and others. Specifically, on July 29, 2024, I filed the opening brief in a non-capital habeas corpus appeal, *Gonzalez v. Herrera*, CA9 No. 24-2371, addressing an important question of statutory interpretation pertaining to the First Step Act of first impression in this Court. I have also spent a significant amount of time preparing and/or filing reply briefs in *U.S. v. Duncan*, CA9 No. 23-2374 (oral argument likely to be calendared for December 2024), and *U.S. v. Hong*, CA9 No. 23-50038 (oral argument calendared for November 4, 2024). I also recently filed a petition for a writ of certiorari in *U.S. v. Lopez*, CA9 No. 23-444 (June 3, 2024). I have also expended significant time preparing for oral argument in *Lopez*[1] and *U.S. v. Chamberlin*, CA9 No. 23-969 (June 11, 2024). Finally, I was recently assigned to handle the appeal in *U.S. v. De La Rosa Rios*, CA9 No. 24-4654, an appeal from a conviction and 600-month sentence involving a multi-defendant indictment. Because the district court docket is mostly sealed, the matter has required an extensive amount of time seeking and organizing sealed record materials.

In other courts, on May 28, 2024, I filed the opening brief in *U.S. v. Ward*, CA10 No. 23-7088. *Ward* is a complex appeal from a trial conviction in a multi-

---

[1] *Lopez* was submitted on the briefs a few days before oral argument.

4

defendant assault in Indian Country, raising a half-dozen discrete trial, pre-trial, and sentencing issues that have taken extensive time to research and investigate. This appeal required an unusual amount of time getting up to speed on procedures and substantive law in the Tenth Circuit, where I do not ordinarily practice. The record materials easily exceeded 2,000 pages. Furthermore, because the Tenth Circuit is disinclined to grant more than 60 days' worth of extensions, I had to prioritize this appeal over my other caseload leading up to the filing deadline for the opening brief. While the government has not yet filed its answering brief (due September 11, 2024), I anticipate I will need to similarly give my undivided attention to that reply brief when it comes due, as I will be solely responsible for evaluating the government's answering brief and drafting a reply brief, if necessary.

　　　Furthermore, over the past several months, I have spent significant time engaged in matters at the district-court level. I have been counseling another non-capital habeas corpus client regarding earned time credits and preparing a 2241 petition on his behalf. I have also been advising a different client regarding his restitution obligations and successfully moved to modify his restitution payment schedule. I was also assigned to assist a trial team in *U.S. v. Juan Carlos Gutierrez*, No. 2:23-cr-00197-SB (C.D. Cal.), a two-week jury trial that took place

5

between June and July. This involved counseling the trial team on, and drafting, motions in limine and jury instructions, as well as a case-dispositive motions.

Lastly, I am currently actively engaged in several other mandatory non-case-related activities for my office. Specifically, I was responsible for preparing a training for new attorneys in August 2024. I am also serving on the office's fall attorney retreat committee, and expect to serve on a hiring committee for a new attorney opening over the coming months.

Finally, I am scheduled for prepaid international travel from October 5 through 21. I will be unable to work on this appeal during this period, as I will have limited access to the Internet and will be unable to transport my government-issued laptop internationally.

For these reasons, I will not be able to have the opening brief ready by September 5, 2024 despite the exercise of diligence. A 180-day extension would extend the due date for filing the opening brief to March 4, 2025. I anticipate being able to file the opening brief on or before that date.

On August 29, 2024, I contacted Assistant United States Attorney Alexander Robbins, counsel for appellee, regarding this motion. Counsel indicated that the government opposes this motion.

Executed on August 29, 2024 in Los Angeles, California.

By  /s/ *Hunter Haney*
HUNTER HANEY
Deputy Federal Public Defender

7